833 F.2d 1004
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William GINN, Anita Ginn, Plaintiffs-Appellees,
v.
Wayne Dayton PRICE, Defendant-Appellant,
and
Brian R. SEEBER, Trustee in Bankruptcy for the Estate of
Cobb Island Cable Co., Inc., Dayton Corporation,
Virginia E. Price, Defendants,
v.
VENTUREFORTH, INCORPORATED, Third Party Defendant.
 No. 86-1202.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Sept. 30, 1987.
Decided: Nov. 9, 1987.
 
 Before K.K. HALL, SPROUSE, and CHAPMAN, Circuit Judges.
 Wayne Dayton Price, appellant pro se.
 K. Stewart Evans, Jr., Boothe, Prichard & Dudley, for appellees.
 PER CURIAM:
 
 
 1
 Wayne Dayton Price, proceeding pro se on appeal, appeals from a money judgment entered in favor of William and Anita Ginn. We affirm.
 
 
 2
 Price raises three arguments on appeal, which we shall address in turn. First, Price argues that the district court "failed to consider" certain affirmative defenses set forth in his pro se answer to the complaint. While it is true that Price did set forth a series of affirmative defenses in general terms, most of these defenses were abandoned by Price's attorney when the attorney appeared for Price, and other of the defendants who have not appealed, at motions hearings held prior to trial. The affirmative defenses argued by Price's counsel, those of res judicata and collateral estoppel, were specifically and properly rejected by the district court. This argument is therefore without merit.
 
 
 3
 Price's second argument, that the judgment award "should be mitigated and reduced substantially," is likewise without merit. The district court properly chose a rescissionary remedy; the Supreme Court recently reaffirmed that a rescissionary award can be appropriate even where there "is an intervening decline in the value of the security ... whether or not that decline was actually caused by the fraud." Randall v. Loftsgaarden, 54 U.S.L.W. 5044, 5047 (U.S. July 2, 1986) (No. 85-519). The policy behind this rule is that, absent proof of a plaintiff's bad motive, " '[i]t is more appropriate to give the defrauded party the benefit even of windfalls than to let the fraudulent party keep them.' " Randall, 54 U.S.L.W. at 5049 (citation omitted).
 
 
 4
 Price's third argument is that the district court should not have entertained this suit because the complaint was originally prepared by the attorney for the defendant bankruptcy estate of Cobb Island Cable Company (the CICC estate). Although this procedure was irregular, it did not taint the district court's ultimate judgment; the district court dismissed the CICC estate's bankruptcy counsel, on Price's attorney's motion, upon learning of this situation. Because Price's counsel did not seek any further relief or make any further objection in the district court, the issue has been waived on appeal.
 
 
 5
 We dispense with oral argument because the facts and legal arguments are adequately presented in the briefs and record and oral argument would not significantly aid the decisional process. Fed.R.App.P. 34(a).
 
 
 6
 AFFIRMED.